Filed 8/18/20  P. v. Garcia CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301331 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA109070) |
| v. | |
| RAMIRO MACIAS GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Morris Bruce Jones, Judge.  Reversed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Ramiro Macias Garcia was convicted of second degree murder for his involvement in two gang-related shootings that occurred in 1995. Appellant was not the shooter in either instance. In 2019, he filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court denied the petition without appointing counsel or conducting a hearing, finding that appellant was ineligible for relief because this court's opinion in appellant's direct appeal held there was sufficient evidence to support one conviction under an aiding and abetting theory, and because appellant was a major participant in the underlying felony and acted with reckless indifference to human life. The trial court further held that section 1170.95 was unconstitutional.

On appeal, appellant asserts that the trial court's summary denial was erroneous, in that appellant's petition did not demonstrate that he was ineligible for relief and section 1170.95 is constitutional. The Attorney General concedes that summary denial was unwarranted under the circumstances. We agree, reverse the trial court's ruling, and remand for further proceedings consistent with section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Conviction and appeal

The details of appellant's underlying convictions are in our previous opinion, *People v. Aparicio, et al.* (Oct. 7, 1998, B113096 [nonpub. opn.]) (*Aparicio*).[2] That appeal followed a trial in which appellant and two others, Miguel Aparicio and Jose Macias, were

---

[1] All further statutory references are to the Penal Code.

[2] The Attorney General filed a request asking us to take judicial notice of *Aparicio*. We hereby grant that request.

2

convicted of two counts of second degree murder following a gang-related incident.

According to the opinion, on November 4, 1995 two gang members went into a clothing store and got into a verbal disagreement with the owners, a husband and wife. During the disagreement, one gang member said, "This is my neighborhood, and I can do what I want here," and threatened to kill the husband. The gang members left the store to get their "home boys," and later returned with about 10 additional gang members, including appellant. As one held a gun to the husband, he said, "This is my Barrio, and you're going to respect it." While in the store, appellant looked through drawers, disconnected the telephone, and stole money from the wife's purse. Appellant also encouraged one of the gang members, "Little Mister," to kill the husband, saying "kill him, kill him." Other members also encouraged Little Mister; for example, Aparicio said to him, "Don't let the neighborhood down." When the husband's 19-year-old brother walked in, Little Mister turned the gun toward him, and shot and killed him. The gang members then left the store; as they were leaving, one shot and killed a 69-year-old bystander who had witnessed the incident. Our opinion in *Aparicio* makes clear that "[b]oth victims were shot by someone other than appellants."

Appellant and others were charged with two counts of murder (§ 187, subd. (a)), with alleged special circumstances of robbery-murder (§ 190.2, subd. (a)(17)) and multiple murder (§ 190.2, subd. (a)(3)).[3] Trial proceeded against at least four defendants. We stated in *Aparicio* that at trial, "During closing

---

[3]Appellants and others were also charged with two counts of second degree robbery (§ 211), and one count of conspiracy to

3

argument the prosecutor relied on three theories of liability as to appellants: (1) for aiding and abetting murder,[ ] (2) for felony murder, and (3) for murder as a natural and probable consequence of conspiracy to assault or make terrorist threats. The jury rejected the finding of first degree murder and also rejected the special circumstance of murder during robbery, so clearly the jury relied on either the first or third theory of liability." The jury found appellant, Aparicio, and Macias guilty of two counts of second degree murder, and found true an allegation that a principal was armed with a firearm during the commission of the murders. The jury also found the special circumstances not true. Appellant was sentenced to a total term of 32 years to life, consisting of consecutive terms of 15 years to life for each count, plus one year for each firearm enhancement.

We affirmed the convictions in *Aparicio*. On appeal, appellant, Aparicio, and Macias contended there was insufficient evidence to sustain a finding that they aided and abetted the murder of the bystander, or that the murder was a natural and probable consequence of conspiracy to commit assault and/or terrorist threats. We found the evidence sufficient to support the convictions, citing the various gang members' encouragement to kill during the incident, and a gang expert's testimony that gangs work together to retaliate, provoke fear, and gain respect. Appellant also asserted there was insufficient evidence to support his conviction for the murder of the brother. We found that the evidence was sufficient, noting appellant's encouragement to the shooter. We rejected appellant, Aparicio, and Macias's contentions that certain jury instructions were erroneous and

commit murder (§§ 182, 187, subd. (a).) These charges were dismissed during trial.

4

warranted reversal, and rejected their argument that juror misconduct required reversal.

## B.    Petition for resentencing

In Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), the Legislature amended "'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247 (*Lamoureux*).)  In SB 1437 the Legislature also enacted section 1170.95, which allows a "person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition . . . to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" under certain conditions.  (§ 1170.95, subd. (a).)  These changes became effective on January 1, 2019.

On June 19, 2019, appellant filed a petition for resentencing under section 1170.95.  He checked the boxes on the form stating that he had been convicted at trial of second degree murder under the felony murder rule or the natural and probable consequences doctrine.

The trial court denied appellant's petition without holding a hearing.  In its written ruling, the court discussed the facts of the underlying crime, including noting that appellant went to the store with the gang to demonstrate the gang's strength in numbers; while inside, he disconnected the phone; and he encouraged the shooter to kill shortly before the owner's brother was shot.  Regarding the brother's murder, the court stated, "[T]he overall evidence established that [appellant] not only

5

directly aided and abetted the killing of [the brother], but also that he was a major participant in that act who acted with reckless indifference to human life." The court therefore held that appellant was not eligible for resentencing as to the brother's murder.

As to the bystander's murder, the court stated, "[I]t appears that from the totality of the evidence presented that [appellant] may be entitled to relief." However, the court denied appellant's petition "on constitutional grounds" and found that "SB 1437 and Penal Code § 1170.95 are unconstitutional." Appellant timely appealed.

## DISCUSSION

Appellant asserts two arguments on appeal. First, he contends that the trial court erred in holding that SB 1437 and section 1170.95 are unconstitutional, and denying the petition on that basis. The Attorney General concedes that appellant is correct. We agree. In the months since the trial court's ruling, SB 1437 and section 1170.95 have been held to be constitutional, rejecting the reasoning relied upon by the court below. (See *People v. Solis* (2020) 46 Cal.App.5th 762; *Lamoureux, supra,* 42 Cal.App.5th 241.) The court's denial of the petition on this basis was erroneous.

Second, appellant contends that the trial court erred in summarily denying his petition without appointing counsel and allowing briefing. The Attorney General also concedes this issue, stating that appellant made a sufficient prima facie showing, and the record did not make clear that appellant was ineligible for relief. Again, we agree.

The trial court considers a petition under section 1170.95 according to a three-step process. First, the court "review[s] the

petition and determine[s] if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) The court can deny relief without holding an evidentiary hearing if the petitioner fails to make a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c).) When the petition survives this initial threshold, "[i]f the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) If the court issues an order to show cause, it must hold a hearing within 60 days to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d)(1).)

Here, the trial court summarily denied the petition without appointment of counsel or briefing from the parties. The court held that appellant was not entitled to resentencing under section 1170.95 because the evidence supported his conviction for the murder of the brother on the aiding and abetting theory, and because appellant was a major participant in the underlying felonies and acted with a reckless indifference to human life. However, we noted in *Aparicio* that the jury was also instructed on the natural and probable consequences theory as to both murders. As the Attorney General points out, "The jury found the felony-murder special circumstances allegations not true as to both counts, and there is nothing in the record that definitively shows the jury convicted appellant as a direct aider and abettor on either murder count." Moreover, the court acknowledged that appellant may be entitled to resentencing as to the murder of the

7

bystander if section 1170.95 were constitutional. Thus, appellant's petition did not demonstrate that appellant was ineligible for relief as a matter of law. The trial court's denial of appellant's petition without the appointment of counsel or a hearing was erroneous.

The parties each contend that the case should be remanded for further proceedings in compliance with section 1170.95. We agree.[4]

## DISPOSITION

The court's postjudgment order denying appellant's petition for resentencing is reversed, and the matter is remanded for further proceedings under section 1170.95.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

COLLINS, J.

We concur:

MANELLA, P. J.

CURREY, J.

---

[4] We do not reach appellant's contentions that the trial court's summary denial of his petition denied him his constitutional rights to counsel and due process.